UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE G. KLINGER,

    Plaintiff,

vs.                              Case No. 8:11-cv-1586 -T-27TGW

PHIL MOOK ENTERPRISES, *et al.*,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants' Tender of Full Payment and Motion to Dismiss Complaint with Prejudice (Dkt. 6) and Defendants' Revised Tender of Full Payment and Motion to Dismiss Complaint with Prejudice (Dkt. 10). Defendants argue that because they have tendered a check to Plaintiff representing full payment of her claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the case is moot and must be dismissed with prejudice under Rule 12(h)(3), Federal Rules of Civil Procedure.[1] The Court disagrees.

Defendants' mere tender of payment does not provide Plaintiff with all the relief she seeks and would be entitled to as a prevailing party in this action, to wit: an enforceable judgment, attorney's fees, and costs.[2] Allowing Defendants to avoid responsibility for Plaintiff's attorney's fees merely by tendering full payment *after* litigation has commenced would run counter to the FLSA's goal of fully compensating the wronged employee. *See Silva v. Miller*, 307 Fed. App'x 349, 351

---

[1] Plaintiff contends that Defendant's check has not been received (Dkt. 11. P. 2).

[2] Numerous courts have rejected similar attempts by defendants to circumvent Rule 68, Federal Rules of Civil Procedure. *See, e.g., Balthazor v. ARS National Services, Inc.*, No. 11-60821-CIV-COHN/Seltzer, 2011 U.S. Dist. LEXIS 92198, at *4 n.2 (S.D. Fla. Aug. 18, 2011); *Manfred II v. Focus Receivables Mgmt., LLC*, No. 10-60597-Civ (S.D. Fla. Apr. 6, 2011).

(11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure ... that counsel is compensated adequately ...").[3] Further, Defendants' tender effectively circumvents the requirements of Rule 68(a), Fed.R.Civ.P.[4]

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendants' Revised Tender of Full Payment and Motion to Dismiss Complaint with Prejudice (Dkt. 10) is **DENIED**.

(2) Defendants' Tender of Full Payment and Motion to Dismiss Complaint with Prejudice (Dkt. 6) is **DENIED** as moot.

**DONE AND ORDERED** in chambers this 13th day of September, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[3] To the extent Defendants implicitly rely on *Dionne v. Floormasters Enterprises, Inc.*, No. 09-15405, 2011 U.S. App. LEXIS 15560 (11th Cir. July 28, 2011), any such reliance is misplaced. In *Dionne*, the plaintiff agreed that his FLSA claim was moot and should be dismissed. *Id.* at *4. As a result, the Eleventh Circuit was not required to address the district court's ruling that the action was rendered moot by the defendant's tender.

[4] Nor will Defendants' tender be considered a settlement subject to court approval or construed as an "offer to resolve Plaintiff's claim, exclusive of attorneys' fees and costs," as Plaintiff suggests. *See Dionne v. Floormasters Enterprises, Inc.*, No. 09-15405, 2011 U.S. App. LEXIS 15560 at *13. Notwithstanding, considering the timing of Defendants' tender, revised tender, and the mandatory fee provision of the FLSA, the parties are urged to discuss and resolve this case to minimize attorney's fees. *See Goss v. Killian Oaks House of Learning*, 248 F.Supp.2d 1162, 1167-68 (S.D.Fla.,2003)